**In re David A. and Vicki B. WREN, Debtors.**

**David A. and Vicki B. Wren, Plaintiffs,**

**v.**

**Sallie Mae Servicing, L.P., Defendant,**

**Sallie Mae Servicing, L.P., Movant.**

**Bankruptcy No. 93–10368.**
**Adversary No. 02–1028.**

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

Nov. 21, 2002.

vicing, L.P. ("Defendant") to Dismiss Pursuant to Bankruptcy Rule 7012(b)(6). At the conclusion of the hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutory and case law, the court makes the following conclusions of law.

### PROCEDURAL HISTORY

David A. and Vicki B. Wren ("Debtors") filed a Chapter 11 Bankruptcy petition on May 13, 1993. Debtors' Plan of Reorganization ("Plan") was confirmed on June 27, 1994. Debtors' Plan included full repayment of three student loans at 6% interest amortized over thirty years. One loan, originally held by Student Loan Marketing Association then assigned to the Department of Health and Human Services ("DHHS Loan"), had an outstanding balance of $57,544.14 with monthly payments of $345.01. Another loan which was a Health Education Assistance Loan ("HEAL Loan"), originally held by the Loan Servicing Center, had an outstanding balance of $21,686.01 with monthly payments of $130.02. The third loan, originally held by Great Lakes Higher Education Corporation ("Great Lakes Loan"), had an outstanding balance of $32,697.27 with monthly payments of $196.04. A final decree was entered in Debtors' case on October 28, 1994.

In June 1996, Debtors asked the court to re-open their case so they could pursue a motion for contempt action regarding the HEAL Loan against Defendant which had been assigned the loan. The parties came to a settlement agreement and Debtors withdrew their motions to re-open the case and for contempt against Defendant.

On or about January 2, 2002, Debtors again asked the court to re-open their case

---

Thomas D. Lovett, Kelley, Lovett & Mullis, P.C., Albany, GA, for Debtors.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On October 16, 2002, the court held a hearing on the Motion of Sallie Mae Ser-

so they could pursue a motion for contempt action against Defendant regarding the HEAL Loan and the Great Lakes Loan. On April 1, 2002, Defendant filed a motion to dismiss Debtors' motion for contempt arguing that the issue should be brought before the court as an adversary proceeding. Debtors subsequently withdrew the motion for contempt and initiated this adversary proceeding on or about August 5, 2002. On September 9, 2002, Defendant filed the motion to dismiss the adversary proceeding that is currently before the court.

Defendant asserts multiple grounds for dismissal. First, Defendant urges that Debtors have attempted to modify the terms of a non-dischargeable student loan through the order of confirmation, without the required adversary proceeding, and that such a modification violated Defendant's due process rights. Therefore, Defendant argues that Debtors' motion for contempt fails to state a claim upon which relief can be granted. Second, since Debtors asserted in their answer to Defendant's motion to dismiss that the Great Lakes Loan is subject to the 1996 settlement agreement, the bankruptcy court lacks jurisdiction to hear the case. Lastly, even if the court decides that it can hear the case regarding the alleged breach of the settlement agreement, Defendant asserts that the Great Lakes Loan is not subject to the settlement agreement.

Debtors contend that *Banks v. Sallie Mae Servicing Corporation (In re Banks)*, 299 F.3d 296 (4th Cir.2002), which was relied upon by Defendant, is factually distinct from the present case. Here, Debtors did not propose to discharge postpetition interest. Even if *Banks* applies to the present case, the complaint is based on the breach of the settlement agreement, not on the notion of a partial discharge. Further, Defendant has waived its right to

argue that an adversary proceeding was necessary to discharge the student loan by failing to argue that very point in 1996 when Debtors filed the first motion for contempt. Debtors argue that they relied on Defendant's promises in the settlement agreement. Therefore, Defendant is estopped from arguing that an adversary proceeding was required.

### CONCLUSIONS OF LAW

It is clear from the record and the pleadings that the 1996 settlement agreement dealt only with the HEAL Loan. If either party wishes to pursue an action regarding that settlement agreement, they may take their case to state court. The court might abstain from hearing an issue involving the settlement agreement, which is a state law contract claim. *See* 28 U.S.C. § 1334(c). The only loan at issue here is the Great Lakes Loan.

In considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy by Federal Bankruptcy Rule 7012, the court should construe the facts in the light most favorable to the plaintiff. FED BANKR. R. 7012; *see Covad Communications Company v. BellSouth Corporation*, 299 F.3d 1272, 1279 (11th Cir.2002). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *St. Joseph's Hospital, Inc. v. Hospital Corporation of America*, 795 F.2d 948, 953 (11th Cir.1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ The *Banks* case relied upon by Defendant may be good law. However, Debtors' Plan provided for full payment of the principal amount on the Great Lakes Loan plus 6% interest amortized over thir-

ty years. (*See* Debtors' Confirmed Plan, Docs. 31 & 67). For *Banks* to be applicable, Defendant must be able to show that the treatment the loan received under the Plan resulted in the discharge of some portion of a non-dischargeable debt. *Banks,* 299 F.3d at 300. Ordinarily, the only way to discharge student loan debt is to bring an adversary proceeding, which Debtors did not do on this loan. *Id.* According to *Banks,* Defendant would not be barred by res judicata and could continue to collect on unpaid debt, including unpaid interest not provided for through the Plan, under the principles of due process. *Id.* at 302. However, there is nothing in the record to show that this is the situation in the present case.

■ Defendant alleges that the original interest rate on the loan was 9%. However, the uncertified copy of the promissory note submitted by Defendant in the supplemental brief to their motion to dismiss cannot be considered by the court. A 9% interest rate on the original loan was not stipulated or admitted to by Debtors. The promissory note was never admitted into evidence. The promissory note nor its terms were made part of the record via an admitted pleading, Debtors' disclosure statement or Plan, or a creditor's claim filed with the court. Currently, there are no grounds upon which the court can grant Defendant's Motion to Dismiss Pursuant to Bankruptcy Rule 7012(b)(6). Defendant has ten days from notice of the court's action to file an answer to Debtors' Complaint for Damages. *See* FED. BANKR. R. 7012(a).

An order in accordance with this Memorandum Opinion will be entered.